IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAWN MARIE RILEY, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 24-429 (JLH) |
| CIERRA HALL-HIPKINS, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The Court previously dismissed *pro se* Plaintiff Dawn Marie Riley's complaint and amended complaint under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. (D.I. 28.) The Court granted Plaintiff leave to file a second amended complaint, which she did. (*Id.*; D.I. 29.) Because Plaintiff is proceeding *in forma pauperis*, the second amended complaint is likewise subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court's previous order explained that the complaint and first amended complaint set forth "insufficient factual allegations to plausibly suggest that any of the named Defendants were involved in violating Plaintiff's constitutional rights, as is required to state a claim under 42 U.S.C. § 1983." (D.I. 28.) The Court explained that, "[i]f Plaintiff chooses to file a Second Amended Complaint, she must, for each defendant alleged to be a state actor, set forth actual facts suggesting that the named defendant was involved in violating one or more of Plaintiff's federal constitutional rights." (*Id.*)

Plaintiff has now filed a 199-page second amended complaint, organized as seven separate amendments, each pertaining to an individual Defendant. (D.I. 29.) At the outset, the second

amended complaint fails to comply with the pleading standard set out in Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Nevertheless, this Court briefly assesses the claims asserted against each Defendant below.[1]

The second amended complaint fails to state § 1983 claims against Defendants Cierra Hall-Hipkins and Sue Ryan because there are no plausible allegations to suggest that Defendants Hall-Hipkins and Ryan are state actors, or persons acting under color of state law, as required by 42 U.S.C. § 1983.  According to the second amended complaint, Defendants Hall-Hipkins and Ryan, respectively, are a board member and the executive director for the Delaware Coalition Against Domestic Violence (DCADV), in Wilmington, Delaware.  (*See* D.I. 29-1, 29-2.)  The Court takes notice that the DCADV is a "nonprofit membership organization," and "current Membership Organizations include private nonprofit organizations providing shelter and direct services to adult victims of domestic violence."  *See About Us*, DELAWARE COALITION AGAINST DOMESTIC VIOLENCE, https://dcadv.org/who-we-are/ (last viewed June 18, 2025).  While "there is no 'simple line' between state and private actors," nothing alleged in the second amended complaint suggests Defendants Hall-Hipkins and Ryan were close to this line, as a board member and executive director of a nonprofit membership organization of private nonprofit organizations.  *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (outlining "three broad tests generated by the Supreme Court jurisprudence to determine whether state action exists").  The second amended complaint alleges no other federal claims against Defendant Hall-Hipkins or Ryan.  Because

---

[1] At this early stage of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in her favor, and asks only whether the second amended complaint, liberally construed, contains facts sufficient to state a plausible claim.

Plaintiff and Defendants are not citizens of different states, this Court lacks jurisdiction over any state law claims Plaintiff may be attempting to assert. *See* 28 U.S.C. § 1332.

The second amended complaint fails to state § 1983 claims against Defendants Delaware Attorney General Kathleen Jennings, New Castle County Police Department (NCCPD) Chief Bloch, NCCPD Sergeant Tracey Duffy, or NCCPD Officer Reid. Without even reaching the matter of defendant immunity, the second amended complaint does not suggest that these Defendants had any personal involvement in any violation of Plaintiff's constitutional rights, which is required to hold them liable under § 1983. (*See* D.I. 29-3, 29-5, 29-6, 29-7.) *See Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable."). The second amended complaint suggests no other federal claims against Defendants Jennings, Bloch, Duffy, or Reid. Because Plaintiff and the Defendants are not citizens of different states, this Court lacks jurisdiction over any state law claims Plaintiff may be attempting to assert. *See* 28 U.S.C. § 1332.

Finally, the second amended complaint fails to state a § 1983 claim against Defendant NCCPD Officer Megan Sautter, at least for the reason that the incidents alleged involving Defendant Sautter are clearly time barred. (*See* D.I. 29-4.) Claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the suit is brought. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is two years from the date the cause of action accrued. *See* 10 Del. C. § 8119; *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017). Plaintiff's injuries alleged in connection with Defendant Sautter occurred in 2019, over five years before Plaintiff filed this case. (*See* D.I. 2, 29-4.) As such, Plaintiff's § 1983 claims against

3

Defendant Sautter are untimely. The second amended complaint suggests no other federal claims against Defendant Sautter. Because Plaintiff and the Defendant are not citizens of different states, this Court lacks jurisdiction over any state law claims Plaintiff may be attempting to assert. *See* 28 U.S.C. § 1332.

Based on the foregoing, IT IS HEREBY ORDERED that the second amended complaint (D.I. 29) is DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has already been given an opportunity to amend (*see* D.I. 22, 28), and further amendment is futile.

IT IS FURTHER ORDERED that Plaintiff's motion to correct the spelling of Defendant Jennings' name (D.I. 31) and Plaintiff's motion to appoint counsel (D.I. 34) are both DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's "motion to add NCCPD [New Castle County Police Department] to the Complaint" (D.I. 36) and Plaintiff's "Motion To add a Defendant New Castle County Delaware Police Department (NCCPD) to Case# 1:24 cv-000429(JLH)" (D.I. 41) are DENIED, as the second amended complaint alleges no plausible basis to impose liability on a municipality.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Add Documents in addition to [the Complaint]" (D.I. 37, 38), is DENIED as moot. The Court has reviewed the documents, and they do not remedy the deficiencies described above.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Correct My Police Reports for my Domestic Violence Both incident 1 + 2" (D.I. 39) and motion "To Reopen My Strangulation Case" (D.I. 42) are DENIED, as the Court is dismissing the second amended complaint, and the motions ask for relief that this Court cannot provide.

IT IS FURTHER ORDERED that Plaintiff's "Motion to add Defendant Christiana Care to my case" is DENIED, as the second amended complaint does not plausibly allege any federal claims against Christiana Care.  There is no private right of action for damages for violations of the Health Insurance Portability and Accountability Act of 1996.  There is no basis for this Court to exercise jurisdiction over any state law claims against Christiana Care because the parties are not diverse.

IT IS FINALLY ORDERED that the Clerk of Court is directed to CLOSE this case.

Date: October 10, 2025

_____
The Honorable Jennifer L. Hall
United States District Judge